IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN OWENS, | No. 4:22-CV-01687 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| CHLOE WALKER, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

FEBRUARY 28, 2023

Plaintiff Christian Owens filed the instant *pro se* Section 1983[1] action while incarcerated at the Franklin County Jail in Chambersburg, Pennsylvania. He has since been released from custody. Because it is clear from the face of Owens' complaint that he cannot state a claim for relief, the Court will dismiss his case but provide him leave to amend.

I.     STANDARDS OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"[2] This language closely tracks

---

[1] 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard of review to Section 1915(e)(2)(B)(ii) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[3]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[4]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[5]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[6]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[7]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[8]  Second, the court should distinguish well-

---

[3] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[4] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[5] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[6] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[7] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[8] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[9] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[10] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11]

Because Owens proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[12]

## II. DISCUSSION

Owens has filed no less than *nine* civil rights lawsuits in this Court, most of them within the span of a month.[13] In the instant complaint, he attempts to bring Section 1983 claims against nine nurses at Franklin County Jail: Chloe Walker, Amber Warick, Coran Phiffer, "Jen," Martinez, Phillips, "Tonya," Smith, and

---

[9]  *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[10] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[11] *Iqbal*, 556 U.S. at 681.
[12] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[13] *See Owens v. Carrie*, No. 4:22-cv-00553 (M.D. Pa. Apr. 15, 2022); *Owens v. Bogner*, No. 1:22-cv-01574 (M.D. Pa. Oct. 7, 2022); *Owens v. Deb*, No. 4:22-cv-01571 (M.D. Pa. Oct. 7, 2022); *Owens v. Heydt*, No. 1:22-cv-01614 (M.D. Pa. Oct. 14, 2022); *Owens v. Gelet*, No. 1:22-cv-01623 (M.D. Pa. Oct. 17, 2022); *Owens v. Donatto*, No. 4:22-cv-01685 (M.D. Pa. Oct. 26, 2022); *Owens v. Franzoni*, No. 4:22-cv-01686 (M.D. Pa. Oct. 26, 2022); *Owens v. Walker*, No. 4:22-cv-1687 (M.D. Pa. Oct. 26, 2022); *Owens v. Bechtold*, No. 4:22-cv-01781 (M.D. Pa. Nov. 7, 2022).

Ruff.[14]  Owens first alleges that these nurses were supposed to weigh him, take his blood pressure and vitals every day, and give him "carnations shake[s]," but they did not do this for the first two and a half weeks "with any type of consistency."[15] He further asserts that they "lied about giving [him] shakes / vitals."[16]

Owens next alleges that Phiffer, Martinez, and Walker "served [him] Gatorade and breakfast essentials with feces lined in cup [sic] or in shake / Gatorade liquid."[17]  He also claims that Ruff put hair in his breakfast essential on September 23, and that Tonya and Warick attempted to get corrections officers to spit in his cups on two consecutive days in September.[18]

Owens appears to be attempting to assert Eighth Amendment claims for deliberate indifference to serious medical needs and unconstitutional conditions of confinement.  His complaint is deficient as to both constitutional torts.  The Court will address these deficiencies in turn.

    **A.**    **Deliberate Indifference to Serious Medical Needs**

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[19]  To state an Eighth Amendment deliberate indifference claim

---

[14] Doc. 1 at 3-4.
[15] *Id.* at 3.
[16] *Id.* at 5.
[17] *Id.*
[18] *Id.*
[19] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

regarding inadequate medical care, a plaintiff must plausibly plead "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."[20] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[21]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[22] Deliberate indifference to serious medical needs is an exacting standard, requiring a showing of "unnecessary and wanton infliction of pain."[23] Claims sounding in mere medical negligence will not suffice.[24]

Viewed through the lens of this stringent standard, Owens' claims of deliberate indifference to serious medical needs fail at each element. First, Owens does not identify a serious medical need. He simply asserts that the nursing staff was supposed to weigh him, take his vitals, and give him "carnations shake[s]." These allegations do not establish that Owens had a serious medical need that

---

[20] *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[21] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[22] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).
[23] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[24] *Rouse*, 182 F.3d at 197.

prison staff failed to address. Owens' pleadings likewise fail to establish deliberate indifference, as he merely contends that the nurses were inconsistent with following this plan of care for two and a half weeks. Such an allegation does not come close to demonstrating "unnecessary and wanton infliction of pain."

The Court additionally observes that Owens has not alleged that he suffered any type of harm from the nurses' purportedly deficient conduct. This is yet another reason that his Eighth Amendment claim fails.[25] Accordingly, any claim of deliberate indifference to serious medical needs that Owens is attempting to raise must be dismissed.

B.     **Conditions of Confinement**

Owens' various claims regarding food tampering appear to be grounded in the Eighth Amendment's prohibition of cruel and unusual punishment, sounding in a conditions-of-confinement claim. His allegations, however, fail to rise to the level of a constitutional violation.

---

[25] *See Brooks v. Kyler*, 204 F.3d 102, 105 n.4 (3d Cir. 2000) (explaining that prisoner's claim could not survive Rule 56 challenge because "he presented no evidence of any harm resulting from a delay in medical treatment") (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)); *Joh v. Suhey*, 709 F. App'x 729, 731 (3d Cir. 2017) (nonprecedential) (finding that brief delay in treatment did not demonstrate that medical provider disregarded "an excessive risk" to inmate's safety because inmate did not allege that "the delay in treatment led to any serious harm"); *see also DeJesus v. Delaware*, 833 F. App'x 936, 940 (3d Cir. 2020) (noting that deliberate indifference to serious medical need must have caused "harm or physical injury" to plaintiff); *Westfall v. Luna*, 903 F.3d 534, 551 (5th Cir. 2018) ("Delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference that results in substantial harm," which can include the "pain suffered during the delay itself") (citation omitted)); *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) ("Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm."); *Kellum v. Mares*, 657 F. App'x 763, 771 (10th Cir. 2016).

"[T]he Constitution does not mandate comfortable prisons, and prisons . . . which house persons convicted of serious crimes[] cannot be free of discomfort."[26] Nevertheless, the state cannot subject an inmate to cruel and unusual punishment or "inhumane treatment," such as deprivation of "identifiable human need[s]" like "food, warmth, or exercise."[27] To prevail on an Eighth Amendment conditions-of-confinement claim, a plaintiff must show both objective and subjective elements.[28] Objectively, the prisoner must demonstrate that "the prison official deprived the prisoner of the minimal civilized measure of life's necessities," often referred to as a "sufficiently serious" deprivation.[29] Subjectively, the prisoner must show that "the prison official acted with deliberate indifference" to the prisoner's "health or safety."[30] Deliberate indifference means that the defendant "acted or failed to act despite having knowledge that her actions or inaction, as the case may be, would subject the inmate to a substantial risk of serious harm."[31]

Owens' claims of food tampering fail to state a sufficiently serious deprivation to implicate the Eighth Amendment's protections. He does not complain that he was deprived of food for an extended time, or that he ingested the

---

[26] *Thomas v. Tice*, 948 F.3d 133, 139 (3d Cir. 2020) (second alteration in original) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).
[27] *See Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015) (quoting *Wilson v. Seiter*, 501 U.S. 294, 304 (1991)).
[28] *See id.*
[29] *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994); *Wilson*, 501 U.S. at 297).
[30] *Id.* (citing *Farmer*, 511 U.S. at 834).
[31] *Id.* at 227 (citing *Farmer*, 511 U.S. at 842).

7

contaminated food or drinks and suffered an injury.[32] Multiple district courts in this circuit have rejected similar food-tampering allegations as insufficient to state an Eighth Amendment claim.[33] Thus, while Owens' allegations of several nurses' behavior regarding serving him contaminated drinks are certainly repugnant, they do not implicate constitutional violations.

## C. Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under [28 U.S.C. § 1915(e)(2)] should receive leave to amend unless amendment would be inequitable or futile."[34] The Court will grant Owens leave to amend, as it may be possible that he could cure the deficiencies identified in this Memorandum.

---

[32] *See Rieco v. Moran*, 633 F. App'x 76, 78 (3d Cir. 2015) (nonprecedential) (finding claim deficient where inmate-plaintiff failed to allege that he ate contaminated food causing an injury) (citing *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir. 1983) ("prison officials may violate the Eighth Amendment by serving unsanitary, spoiled or contaminated food if the prisoner also alleges that he or she suffered a distinct and palpable injury")).

[33] *See, e.g.*, *Vargas-Marrero v. Pa. Dep't of Corr.*, No. 22-cv-2342, 2022 WL 3155409, at *4 (E.D. Pa. Aug. 8, 2022); *Rieco v. Moran*, No. 14-cv-0588, 2015 WL 1898140, at *4 (W.D. Pa. Apr. 24, 2015) (adopting report and recommendation); *Rodriguez v. Wetzel*, No. 2:14-cv-0324, 2015 WL 1033842, at *12 (W.D. Pa. Mar. 9, 2015) (adopting report and recommendation); *Miller v. Fraley*, No. 12-cv-4470 (MAS), 2015 WL 511296, at *8 (D.N.J. Feb. 6, 2015).

[34] *Grayson*, 293 F.3d at 114.

## III.  CONCLUSION

Based on the foregoing, the Court will dismiss Owens' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Leave to amend will be granted.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge